# IN THE COURT OF APPEALS OF IOWA

No. 15-1331
Filed July 27, 2016

**MICHAEL SHAWN REYNA,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Michael Reyna appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

Nathan A. Russell of Elverson Vasey Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Special Counsel, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

The background of Michael Reyna's 2006 conviction on three counts of attempted murder and his prior claims of ineffective assistance of trial counsel are adequately set forth in our prior opinion dealing with the appeal from Reyna's first application for postconviction relief (PCR), in which we determined Reyna's trial counsel was not ineffective as asserted. *Reyna v. State*, No. 13-0126, 2014 WL 1234142, at *1 (Iowa Ct. App. Mar. 26, 2014). We need not repeat how Reyna avoided the PCR three-year limitation bar in that case. *See id.* at *2.

On November 10, 2014, Reyna filed a second PCR application, asserting his appellate attorney was ineffective in failing to timely file an application for further review and, in an amended application, he asserted additional claims of ineffective assistance of his criminal trial counsel. The district court held an evidentiary hearing on this application and denied Reyna relief. The court ruled that although it was undisputed that Reyna's appellate counsel erred in failing to file a timely application for further review in the prior appeal, Reyna's ineffectiveness claims failed because Reyna had no meritorious grounds for further review. He appeals.

In order to prevail on his claim of ineffective assistance of appellate counsel,[1] Reyna has the burden to prove by a preponderance of the evidence that his appellate counsel breached an essential duty and prejudice resulted. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (stating we judge deficient-appellate-counsel claims using the same two-pronged test utilized for

---

[1] This claim did not arise until 2014 and is thus not barred by the three-year limitation period of Iowa Code section 822.3 (2013).

ineffective-assistance-of-trial-counsel claims). To prove appellate counsel's deficient performance resulted in prejudice, the applicant must also prove he was actually prejudiced by the alleged error. *Id.*

Reyna asserts only that he was inherently prejudiced by postconviction appellate counsel's failure to seek further review. Yet, further review is "not a matter of right, but of judicial discretion." Iowa R. App. P. 6.1103(1)(b). PCR appellate counsel testified that none of the grounds for further review listed in rule 6.1103(1)(b) (relating to the importance of further review) were applicable. Upon our de novo review, *see Ledezma*, 626 N.W.2d at 141, we agree with the district court that Reyna failed to establish his appellate counsel breached an essential duty in failing to seek further review. We affirm. Additional discussion would serve no useful purpose. See Iowa Ct. R. 21.26(1)(d) and (e).

**AFFIRMED.**